**[J-94A-2024 and J-94B-2024] [MO:Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 35 EAP 2024 |
| | : | |
| Appellee | : | Appeal from the Superior Court |
| | : | Order dated June 26, 2023 at No. |
| | : | 115 EDA 2022 Affirming the |
| v. | : | Philadelphia County Court of |
| | : | Common Pleas November 15, 2021 |
| | : | Judgment of Sentence at No. CP- |
| JAMES SMITH, | : | 51-CR-0002286-2020. |
| | : | |
| Appellant | : | ARGUED: November 20, 2024 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 EAP 2024 |
| | : | |
| Appellee | : | Appeal from the Superior Court |
| | : | Order dated June 26, 2023 at No. |
| | : | 116 EDA 2022 Affirming the |
| v. | : | Philadelphia County Court of |
| | : | Common Pleas November 15, 2021 |
| | : | Judgment of Sentence at No. CP- |
| JAMES SMITH, | : | 51-CR-0001692-2021. |
| | : | |
| Appellant | : | ARGUED: November 20, 2024 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY**                                        **DECIDED: September 25, 2025**

I agree with the Majority's conclusion that the trial court did not abuse its discretion in refusing to ask Smith's proposed *voir dire* question in this case. However, I respectfully disagree with the Majority's decision to vacate the Superior Court's judgment finding the evidence sufficient to sustain Smith's conviction for unlawful contact with a minor and remand for consideration in light of our recent decision in *Commonwealth v. Strunk*, 325

A.3d 530 (Pa. 2024). In my view, *Strunk* makes clear that the evidence in this case was sufficient to support Smith's convictions and a remand is unnecessary.

Beginning with the relevant statutory language, Section 6318 of the Crimes Code provides that a person commits the offense of unlawful contact with a minor "if the person is intentionally in contact with a minor . . . for the purpose of engaging in" certain sexual offenses enumerated in the statute. 18 Pa.C.S. § 6318(a). The statute defines "contacts" as "[d]irect or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency[.]" 18 Pa.C.S. § 6318(a).

Strunk was convicted of, *inter alia*, unlawful contact with a minor, related to sexually abusing the daughter of his long-term girlfriend on three separate occasions. *Strunk*, 325 A.3d at 532. Strunk began each assault by fondling the victim's breasts, removing items of her clothing, and ultimately escalating to vaginal penetration. There was no evidence that Strunk spoke to the victim prior to any of the three assaults taking place. *Id.* Before the Superior Court, Strunk challenged the sufficiency of the evidence for unlawful contact with a minor, asserting the Commonwealth failed to prove the element of contact, as the evidence did not demonstrate that Strunk communicated with the victim for the purpose of facilitating a sexual assault. *Id.* at 533. The Superior Court affirmed. It opined that although there was no evidence that Strunk "verbally communicated with the victim or gave nonverbal signals to achieve the sexual contact, the element of communication was satisfied by evidence that Strunk 'engaged in physical contact with [the victim] beyond the assaults themselves to facilitate his sexual contact with [the victim.]'" *Id.* (citation omitted).

This Court reversed on appeal. *Id.* at 531.[1] In determining whether Strunk's conduct constituted unlawful contact with a minor, we examined closely the language of Section 6318. We explained:

> Section 6318 does not criminalize inappropriate touching of minors; other statutes accomplish that goal. Section 6318 is perhaps best described as an anti-grooming statute. But even that description is imperfect. **Any communication that is intended to further the commission of one of the crimes listed in Section 6318(a), whether it fits the definition of grooming or not, falls within the prohibition.**
>
> Even the [Superior Court] below acknowledged this understanding when first discussing Section 6318: "The element of contact requires proof that the defendant engaged in some **verbal** or nonverbal communication with the minor for purposes of sexual contact beyond physically approaching the minor and the physical contact of the sexual act itself."

*Id.* at 542 (emphasis added) (citation omitted).

We concluded that the Superior Court's rationale "conflated verbal, written, and other forms of non-verbal communicative efforts to mean any form of physical contact[,]"emphasizing that "Section 6318 is intended to criminalize and punish communication designed to induce or otherwise further the sexual exploitation of children." *Id.* at 543. Strunk's convictions for unlawful contact with a minor could not

---

[1] I dissented in *Strunk*. I focused on the plain language of Section 6318, specifically the legislature's use of the phrase "**contact** or **communication** by any means." *Strunk*, 325 A.3d at 550 (Mundy, J., dissenting) (emphasis added). In my view, the legislature's use of these two distinct terms – coupled with the fact that they are connected by the disjunctive "or" – indicates these words possess distinct meanings in the context of the statute. *Id.* at 550-51. As such, the legislature's use of the word "contact" must "encompass[] more than verbal or written communications." *Strunk*, 325 A.3d at 551-52. I therefore would have concluded that the victim's testimony that "Strunk made contact with her by removing or pulling down articles of clothing" established that Strunk engaged in contact with the victim prior to the assault sufficient to sustain a conviction for unlawful contact with a minor. In other words, I would have held that "a violation of Section 6318 does not require proof of verbal communication but can be satisfied by evidence of physical contact with the victim beyond the contact that is encompassed in the predicate offense." *Id.* at 552.

stand because the record was devoid of evidence that "Strunk communicated with the victim to facilitate his assaults[.]" *Id.*

Turning to the case at hand, Smith was convicted of two counts of unlawful contact with a minor, one for each of his two victims. Smith challenges these convictions on the basis of sufficiency, and as such, "[w]e are obliged to evaluate the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor." *Commonwealth v. Roberts*, 329 A.3d 1129 (Pa. 2025). Here, the Commonwealth presented evidence that Smith instructed one of his victims to get on a table, after which he anally raped her. He also instructed this same victim to put his penis in her mouth just before that act occurred. N.T., 6/23/21, at 127, 131. Smith instructed his second victim to lick his penis, though she said no and ran away. In all of these instances, Smith verbally communicated with the victim in order to facilitate rape. *See Strunk*, 325 A.3d at 532.

I additionally note that although this case was decided prior to our decision in *Strunk*, its holding is consistent with that case. In its opinion, the trial court relied on Smith's pre-assault statements to conclude that such "commands were verbal precursors to illicit sexual acts" and "clearly demonstrate[d] the type of communication and contact covered under the statute." Trial Ct. Op., 6/1/22, at 9. Similarly, the Superior Court observed that Smith, by his own admission, asked both victims to perform oral sex on him and told one of the victims to lay on the table just before assaulting her." *Commonwealth v. Smith*, 115-116 EDA 2022; 2023 WL 4174154 *4-5 (Pa. Super. 2023). The panel concluded that "[t]hese statements demonstrate the type of communication contemplated by the statute." *Id.* at *5. It also rejected Smith's argument that nearly every individual who sexually assaults a child will automatically be guilty of unlawful contact with a minor is erroneous, observing that the statute also requires that contact or communication be

"for the purpose of engaging in specified prohibited conduct." *Id.* The panel opined that Smith communicated with the victims "for the purpose of sexually assaulting them" which was sufficient to sustain a conviction under the statute. *Id.* Rather than reaching this clear conclusion, the Majority engages in a cursory review of this issue, absent any recitation of the relevant facts, and concludes a remand is necessary. Given the foregoing, I see no basis to remand this case for application of *Strunk* when it is abundantly clear that verbal communication for the purpose of furthering an assault – like that which occurred in this case – is sufficient to establish communication. I would therefore affirm the Superior Court's decision in all respects.